**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| Vineyard Vines, LLC, | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. _____ |
| v. | ) |
| | )   Jury Trial Demanded |
| Patrick's, Inc., | ) |
|       Defendant. | ) |

## COMPLAINT

Plaintiff Vineyard Vines, LLC ("Vineyard Vines"), for its complaint against Defendant Patrick's, Inc. ("Patrick's"), alleges on personal knowledge as to its actions, and upon information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This action arises out of Patrick's knowing and intentional mimicry of Vineyard Vines' iconic Whale Design clothing trademark shown below.



More particularly, this is an action for trademark infringement, trademark dilution, unfair competition, and several related federal, state and common law causes of action.

## PARTIES

2. Vineyard Vines is a Connecticut limited liability company having its principal place of business located at 181 Harbor Drive, Stamford, Connecticut 06902.

3.  On information and belief, Patrick's is a Maine corporation having a mailing address of 629 Broadway, Bangor, Maine 04401.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

5.  This Court has personal jurisdiction over Patrick's because it is a resident of this judicial district, has committed tortious acts within this judicial district, has transacted business within this judicial district (including sales of the infringing clothing goods within this judicial district), and has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

6.  Venue is proper within this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because Patrick's is subject to personal jurisdiction within this judicial district and a substantial part of the events and injury giving rise to Vineyard Vines' claims is occurring within this judicial district.

## VINEYARDS VINES' WHALE DESIGN CLOTHING TRADEMARK

7.  In 1998, brothers Ian and Shep Murray set out to live the American dream and left their corporate jobs to create a line of whimsical men's neckties inspired by the colors and designs of Martha's Vineyard, a destination they loved to visit. The first 800 ties were delivered on July 3, 1998 and were sold out in the first week. As the popularity of the neckties grew, the Vineyard Vines brand was expanded to a full line of casual sportswear for men, women and children, all drawing inspiration from the relaxed lifestyle of Martha's Vineyard.

8. For nearly twenty (20) years, and since long prior to the acts of Patrick's complained of herein, Vineyard Vines has been engaged in manufacturing, distributing, offering for sale and selling a broad range of uniquely designed luxury brand men's, women's and children's clothing. As such, Vineyard Vines has become a leader in the clothing industry in this country and is well known for its colorful, nautical and whimsical designs on its clothing products. Probably the most well-known symbol of the Vineyard Vines clothing brand is its smiling whale design (the "Whale Design"), which was developed and first used by Vineyard Vines at least as early as September 1, 2003 and first registered with the United States Patent and Trademark Office ("USPTO") on July 19, 2005.

9. The signature Whale Design has become an iconic symbol representing the Vineyard Vines clothing brand and is prominently used on a wide array of men's, women's and children's sportswear.

10. Vineyard Vines now operates approximately fifty (50) Vineyard Vines branded standalone clothing retail and outlet locations throughout the United States and continues to expand its clothing retail presence through additional prominent in-store and store-in-a-store facilities in many major retail stores, including Bloomingdales, Belk, Nordstrom, Saks Fifth Avenue and Island Pursuits, as well as in boutique clothiers throughout the United States. Vineyard Vines also promotes and offers its clothing products for sale on its website, www.VineyardVines.com.

11. As a consequence of Vineyard Vines' longstanding and continuous use of its Whale Design clothing mark, the public in this country has come to recognize the clothing merchandise of Vineyard Vines by the Whale Design. As such, Vineyard Vines

enjoys substantial goodwill and a valuable reputation under the smiling Whale Design clothing trademark.

12.     Because the Whale Design clothing mark has a distinctive quality and has acquired special and particular significance and very valuable goodwill as an identifier of Vineyard Vines' clothing merchandise, Vineyard Vines has acquired proprietary rights in the Whale Design under the common law as a trademark for men's, women's and children's clothing.  Those rights extend, without limitation, to the exclusive right to use the whimsical Whale Design nationwide on and in conjunction with clothing goods.

13.     Moreover, Vineyard Vines' Whale Design is the subject of U.S. Trademark Registration No. 2,969,692 which issued July 19, 2005 and pertains to the use of the Whale Design as a trademark for various clothing goods.  That registration (a copy of which is attached hereto as Exhibit A) is valid, subsisting and incontestable.

## PATRICK'S UNLAWFUL ACTIVITIES

14.     On information and belief, Patrick's owns and operates one or more retail stores (the "Patrick's Stores") in which clothing is sold.  Those stores include a retail store operated as "Patrick's By The Sea," located at 21 Main Street, Bar Harbor, Maine 04609.

15.     It came to Vineyard Vines' attention recently that Patrick's is selling clothing articles which incorporate graphic elements depicting prominently unauthorized imitations of Vineyard Vines' Whale Design clothing trademark (the "Infringing Clothing Products").  Images of some of the Infringing Clothing Products are depicted in Exhibit B hereto.

16.     Because of the striking similarities between Vineyard Vines' whimsical Whale Design clothing trademark and the smiling whale designs appearing prominently on the Infringing Clothing Products, members of the public are likely to be initially interested in the Infringing Clothing Products upon encountering them for sale in the Patrick's Stores. Thus, such mimicry is likely to lead to initial interest confusion or point-of-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Clothing Products with Vineyard Vines and its clothing goods.

17.     Additionally, because of such similarities, members of the public, who encounter the Infringing Clothing Products being worn by customers of the Patrick's Stores or other persons, are likely to experience post-sale confusion as to the source, sponsorship or other commercial affiliation of the Infringing Clothing Products with Vineyard Vines and its clothing goods.

18.     In 2009-2010, a representative of Vineyard Vines corresponded with Patrick's regarding a different whale design that Patrick's was then known to be using on its exterior sign, its exterior awning, and on decals visible in its storefront window. Through that correspondence, it was agreed that Patrick's would transition to a particular new whale design for use on its exterior sign, awning and decals. That design is depicted in Exhibit C hereto. However, as reflected in that series of correspondence (copies of which are attached hereto as Exhibit D), there was no discussion of the use of the present whale designs or any other whale design on clothing. Moreover, at no time has Vineyard Vines acquiesced to Patrick's use of the present whale designs or any other whale design on clothing.

19. Further, as reflected in Exhibit E hereto, Patrick's is not using on its awning the whale design to which Vineyard Vines agreed for use upon the awning in 2010. Instead, the present awning design more closely resembles Vineyard Vines' proprietary Whale Design clothing trademark.

20. Even worse, as reflected in Exhibit F hereto, Patrick's is using an exact replica of Vineyard Vines' proprietary Whale Design clothing trademark on in-store signage to promote, and in close proximity to, the Infringing Clothing Products.

21. Because of Patrick's recently discovered use of the infringing whale designs on clothing, Vineyard Vines' attorney recently notified Patrick's of its objection to such use on clothing. However, Patrick's has refused to terminate that use, thus necessitating the filing of this lawsuit.

22. The activities of Patrick's complained of herein constitute willful infringement and dilution of Vineyard Vine's proprietary rights in the Whale Design clothing trademark and have continued in spite of Patrick's knowledge that the use of such proprietary clothing trademark, or any colorable imitation thereof, is in direct contravention of the exclusive proprietary rights of Vineyard Vines.

23. Patrick's unlawful activity results in irreparable harm and injury to Vineyard Vines in that, among other things, it: deprives Vineyard Vines of its absolute right to determine the manner in which its image is presented to the public through the promotion and sale of clothing goods bearing colorable imitations of its clothing trademark; deceives and confuses the public as to the origin and sponsorship of such clothing goods either when members of the public initially encounter the Infringing Clothing Products, and/or at the point-of-sale of the Infringing Clothing Products, and/or

when the Infringing Clothing Products are encountered in post-sale situations; wrongfully preys upon and cashes in on the reputation and commercial value of Vineyard Vines as well as its exclusive rights in the proprietary Whale Design clothing trademark; and irreparably harms and injures, or threatens to harm and injure, the reputation of Vineyard Vines for providing quality clothing goods.

### Count I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK
### 15 U.S.C. § 1114 (§ 32 of the Lanham Act)

24. Vineyard Vines repeats and realleges the contents of Paragraphs 1-23 as though fully set forth herein.

25. Patrick's use in commerce of colorable imitations of the federally registered Whale Design clothing trademark in connection with the promotion, offering for sale, sale and distribution of clothing goods is likely to cause confusion, or to cause mistake or deceive customers, potential customers, and/or other members of the public.

26. Such acts constitute infringement of a federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. The aforesaid acts of Patrick's have injured Vineyard Vines in an amount to be determined at trial.

28. The aforesaid acts of Patrick's have also caused irreparable harm to Vineyard Vines and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

## Count II

### DILUTION OF FAMOUS TRADEMARK
### 15 U.S.C. § 1125 (c) (§ 43(c) of the Lanham Act)

29. Vineyard Vines repeats and realleges the contents of Paragraphs 1-28 as though fully set forth herein.

30. The Whale Design clothing mark is a famous trademark under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Vineyard Vines' clothing. The Whale Design clothing mark became famous long prior to Patrick's unlawful use of colorable imitations thereof, as alleged herein.

31. Patrick's use of colorable imitations of the Whale Design clothing mark, in connection with the unauthorized sale in the United States of Infringing Clothing Products, is likely to dilute Vineyard Vine's famous Whale Design clothing trademark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening the capacity of the Whale Design clothing trademark to identify and distinguish Vineyard Vines exclusively as the source of clothing goods in the United States bearing or provided under the famous Whale Design clothing trademark and by harming the reputation and goodwill of the famous Whale Design clothing trademark.

32. Patrick's unauthorized use of colorable imitations of the Whale Design clothing trademark in connection with the sale in the United States of Patrick's Infringing Clothing Products is intended and has the effect of trading on Vineyard Vines' reputation and causing dilution of the famous Whale Design clothing trademark.

33. Patrick's trademark dilution as herein alleged has injured and will continue to injure Vineyard Vines in that Vineyard Vines has suffered and will continue

8

to suffer damage to its reputation and customer goodwill as a direct and proximate result of Patrick's illegal conduct, unless such unlawful conduct is enjoined by this Court. In addition, Patrick's has been unjustly enriched by reason of its acts of trademark dilution in that Patrick's has achieved sales and profits as a direct and proximate result of the illegal conduct.

34. Vineyard Vines is entitled to recover all damages sustained as a result of Patrick's actions, all profits realized by Patrick's through the unlawful use of colorable imitations of Vineyard Vines' Whale Design clothing trademark and in connection with Patrick's offering for sale and sale of the Infringing Clothing Products via the Patrick's Stores and otherwise.

35. Patrick's actions have been willful and deliberate, entitling Vineyard Vines to recover treble damages and/or profits and an award of reasonable attorneys' fees against Patrick's.

## Count III

### FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)

36. Vineyard Vines repeats and realleges the contents of Paragraphs 1-35 as though fully set forth herein.

37. Patrick's use in commerce of colorable imitations of Vineyard Vines' Whale Design clothing trademark is likely to cause confusion, or to cause mistake or deceive consumers and other members of the public as to the affiliation, connection, or association of those imitative designations with Vineyard Vines or as to the origin, sponsorship or approval of Patrick's clothing goods by Vineyard Vines.

38. Such acts constitute violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

39. The aforesaid acts of Patrick's have injured Vineyard Vines in an amount to be determined at trial.

40. The aforesaid acts of Patrick's have also caused and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

## Count IV

### COMMON LAW UNFAIR COMPETITION

41. Vineyard Vines repeats and realleges the contents of Paragraphs 1-40 as though fully set forth herein.

42. Patrick's has engaged in unfair competition with Vineyard Vines in violation of the common law of Maine and other states, by advertising, promoting, offering and selling clothing goods using colorable imitations of Vineyard Vines' Whale Design clothing trademark, and by trading upon the goodwill established by Vineyard Vines and thereby misappropriating the benefits of substantial effort and money expended by Vineyard Vines in establishing its rights in its clothing trademark and the goodwill and reputation of Vineyard Vines.

43. The aforesaid acts of Patrick's have damaged Vineyard Vines in an amount to be determined at trial.

44. The aforesaid acts of Patrick's have also caused Vineyard Vines irreparable injury and, unless enjoined by this Court, will continue to cause irreparable damage, loss and injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count V

### MAINE STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

45. Vineyard Vines repeats and realleges the contents of Paragraphs 1-44 as though fully set forth herein.

46. Patrick's actions, as alleged above, constitute injury to and dilution of Vineyard Vines' Whale Design clothing trademark under the Maine Anti-Dilution Act, 10 M.R.S.A. § 1530, by eroding the public's exclusive identification of that designation with Vineyard Vines, tarnishing and degrading the positive associations and otherwise lessening the capacity of the Whale Design clothing trademark to identify and distinguish Vineyard Vines' clothing goods.

47. Patrick's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with the Whale Design clothing trademark or to cause dilution of that clothing trademark, to the great and irreparable injury of Vineyard Vines.

48. Unless enjoined, Patrick's will continue its infringing activities, resulting in irreparable injury to Vineyard Vines, for which Vineyard Vines has no adequate remedy at law.

### Count VI

### MAINE DECEPTIVE TRADE PRACTICES

49. Vineyard Vines repeats and realleges the contents of Paragraphs 1-48 as though fully set forth herein.

50. The foregoing acts of Patrick's are likely to injure Vineyard Vines' business reputation, impair the effectiveness of the Whale Design clothing trademark, and cause confusion or misunderstanding as to the source, endorsement, approval or

certification of the Infringing Clothing Products. The foregoing acts of Patrick's constitute deceptive trade practices in violation of the Maine Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1211-1216.

51. By reason of the foregoing acts of Patrick's, Vineyard Vines has sustained and, unless Patrick's is enjoined, will continue to sustain substantial injury and damage in the form of wrongfully derived income and profits and consumer confusion and misunderstanding as to the source of Patrick's clothing goods. Patrick's acts, unless enjoined, will cause Vineyard Vines continuing irreparable harm and will cause continued confusion and misunderstanding in the minds of the consumers as to the source of Patrick's clothing goods for which there is no adequate remedy at law.

## JURY DEMAND

Vineyard Vines demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Vineyard Vines respectfully requests the following relief:

A. Preliminary and permanent injunctions prohibiting Patrick's, its employees, affiliated businesses, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the whale designations which have appeared on the Infringing Clothing Products, and from using any other colorable imitations of Vineyard Vines' Whale Design clothing trademark in connection with the manufacturing, packaging, labeling, importation, exportation, advertising, promoting, marketing, offering, selling or distribution of clothing goods in the United States;

B. An order requiring the surrender to Vineyard Vines of all clothing goods

in Patrick's possession, custody or control bearing the infringing and dilutive designations, for the destruction of such clothing goods by Vineyard Vines, and requiring further the filing and service of a certified report by Patrick's, identifying and attesting to the surrender of those clothing goods in such particular details as the Court shall deem appropriate;

    C.    An accounting for all profits derived by Patrick's from such unlawful acts;

    D.    An award of such monetary remedies in an amount sufficient to compensate Vineyard Vines for losses it has sustained as a consequence of Patrick's unlawful acts, as well as the profits of Patrick's attributable to such infringements and dilution;

    E.    An award of Vineyard Vines' damages, including treble damages, costs and attorneys' fees for Patrick's acts of trademark infringement and dilution, pursuant to 15 U.S.C. §§ 1051, *et seq.*, particularly including 15 U.S.C. §§ 1114 and 1125(a) and (c);

    F.    All such other and further relief as this Court may deem just and proper.

Dated: August 23, 2016

    */s/ Margaret K. Minister*
Margaret K. Minister
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
(207) 791-1340
mminister@pierceatwood.com

*Attorneys for Plaintiff*
*Vineyard Vines LLC*

Of Counsel:

Larry C. Jones
ALSTON & BIRD LLP
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
(704) 444-1019
Larry.jones@alston.com